O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#3

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9103 PSG (JEMx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | Felicia Tuitama v. Bank of America, N.A. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):       Attorneys Present for Defendant(s):

Not Present                                            Not Present

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's *Ex Parte* Request for a Temporary Restraining Order**

Before the Court is pro se Plaintiff Felicia Tuitama's ex parte application for a temporary restraining order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I.     Background

On November 2, 2011, Plaintiff Felicia Tuitama ("Plaintiff") filed this action against Defendant Bank of America, N.A. ("Defendant") in this Court. The Complaint asserts claims for, *inter alia*, wrongful foreclosure, fraud, quiet title, and unjust enrichment. In general, Plaintiff's claims are based on alleged irregularities in the foreclosure process and on her assertion that Defendant has no legal interest in her property. *See Compl.* Plaintiff does not dispute that Countrywide (identified in the Deed of Trust as "America's Wholesale Lender") was the Lender for her mortgage or that Defendant absorbed Countrywide, but claims that Countrywide passed the note and all legal interest therein to Lehman Brothers, who securitized the note and sold the security to private investors. *Compl.* ¶¶ 47-57.

Plaintiff received a notice of default and election to sell under the Deed of Trust on July 15, 2011. *See Compl.*, Ex. 1, p. 94-96. The notice of default stated that Plaintiff's loan was delinquent in the amount of $130,742.86 and advised Plaintiff that she had the legal right to bring her account into good standing. *See id.* It also stated the property could be sold without any court action, but that no sale could take place until approximately 90 days from the date of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#~~3~~

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9103 PSG (JEMx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | Felicia Tuitama v. Bank of America, N.A. | | |

the notice of default. *See id.* On October 24, 2011, Plaintiff received a Notice of Trustee's Sale indicating that the property would be sold on November 9, 2011. *See Compl.*, Ex. 1, p. 99.

Plaintiff filed the present ex parte application for a temporary restraining order on November 4, 2011. *See* Dkt. # 4 (Nov. 4, 2011)). For the reasons that follow, the Court DENIES Plaintiff's ex parte application.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

Plaintiff's ex parte application fails because Plaintiff has not shown she is without fault in creating the crisis requiring *ex parte* relief. The Court observes that Plaintiff knew of Defendant's election to sell the property months ago when she received the notice of default on July 15, 2011. That same document apprised Plaintiff of her 90-day grace period in which to cure the $130,742.86 delinquency or seek other remedies, after which time the property could be sold. If Plaintiff had valid legal arguments to restrain or enjoin the foreclosure sale, that was the time to raise them. Instead, Plaintiff waited until after the three-month window had closed, after she had received the Notice of Trustee's Sale, and until a mere five *calendar* days remained before the sale. Plaintiff then filed this ex parte application "in great haste" on Friday, November 4, 2011. *See Ex Parte App.* 7:9-10. Plaintiff wholly fails to plead facts demonstrating her dilatory conduct was due to excusable neglect. Accordingly, Plaintiff's self-made crisis does not entitle her to ex parte relief. *See Mission Power*, 883 F. Supp. at 492.

IV.     Conclusion

Based on the foregoing, the Court DENIES Plaintiff's ex parte application for a temporary restraining order.

**IT IS SO ORDERED.**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#3

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-9103 PSG (JEMx) | Date | November 7, 2011 |
|---|---|---|---|
| Title | Felicia Tuitama v. Bank of America, N.A. | | |